# EXHIBIT

# A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT **SUPERIOR COURT** www.jud.ct.gov  |

Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6800 | February 15, 2022 |

| ☒ Judicial District | G.A. Number: | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| ☐ Housing Session | ☐ | New Haven | Major: V   Minor: 30 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Law Office of Carl A. Secola Jr. LLC, P.O. Box 185400, Hamden, CT 06518 | 434527 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (203) 891-5265 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Randall, Ernest   Address: 87 Maryknoll Road, Hamden, CT 06514 | P-01 |
| Additional plaintiff | Name: Jones, Edward   Address: 20 Valley Place South, New Haven, CT 06515 | P-02 |
| First defendant | Name: National Railroad Passenger Corporation D/B/A Amtrak   Address: Agent: Eleanor D. Acheson, 1 Massachusetts Avenue, NW, Washington, DC 2001 | D-01 |
| Additional defendant | Name:   Address: | D-02 |
| Additional defendant | Name:   Address: | D-03 |
| Additional defendant | Name:   Address: | D-04 |

| Total number of plaintiffs: 2 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**

1. You are being sued. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 12/27/2021 | *Carl C. Secola* | ☐ Clerk | Carl A. Secola Jr. |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:
   - (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   - (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   - (c) Applications for change of name
   - (d) Probate appeals
   - (e) Administrative appeals
   - (f) Proceedings pertaining to arbitration
   - (g) Summary Process (Eviction) actions
   - (h) Entry and Detainer proceedings
   - (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | | | | V 40 | Snowmobiles |
| | M 68 | Bar Discipline - Inactive Status | | V 90 | All other |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | |
|---|---|
| RETURN DATE: FEBRUARY 15, 2022 : | SUPERIOR COURT |
| ERNEST RANDALL AND : | JUDICIAL DISTRICT OF |
| EDWARD JONES : | NEW HAVEN AT |
| V. : | NEW HAVEN |
| NATIONAL RAILROAD PASSENGER | |
| CORPORATION D/B/A AMTRAK : | DECEMBER 27, 2021 |

## COMPLAINT

### FIRST COUNT:

1. At all times mentioned herein the Plaintiff Ernest Randal was and continues to be a resident of the Town of Hamden, and State of Connecticut.

2. At all times mentioned herein the Plaintiff Edward Jones was and continues to be a resident of the City of New Haven and State of Connecticut.

3. At all times mentioned herein, the defendant, National Railroad Passenger Corporation D/B/A Amtrak (hereinafter, the "defendant"), was a District of Columbia corporation licensed to do business in and was actively conducting business within, the State of Connecticut.

4. In its regular and ordinary course of business, during all times mentioned herein, the defendant operated a railroad line in the State of Connecticut which made its way through Newington, Connecticut.

5. At all times mentioned herein the defendant and or its agents, apparent agents, servants and or employees owned, possessed, controlled, and or maintained railroad tracks in the

Town of Newington, Connecticut, in the area around New Britain Avenue and Stamm Road.

6. On or about January 24, 2020 at approximately 11:16 AM, the Plaintiff's Ernest Randall and Edward Jones were passengers on the defendant's Amtrak Train 470 which was travelling Northbound on Track 1 between Wood Interlocking and Willow Interlocking in Newington, Connecticut.

7. At said time and place the defendant's duly authorized agents, apparent agents, servants and or employees while in the scope of their employment were operating a vehicle owned by the defendant with the express permission of and at the direction of the defendant, more specifically Amtrak Car AE32539 in a Southbound direction on Track 1.

8. At said time and place as Amtrak Train 470 travelled Northbound it observed the aforementioned Track Car proceeding Southbound on the same track at which point the operators of Track Car AE32539 jumped out of said vehicle leaving it on the Track 1 and Train 470 was unable to stop thereby violently colliding with Amtrak Car AE32539.

9. The defendant and or its duly authorized agents, apparent agents, servants and or employees were negligent and caused the aforementioned collision.

10. The defendant and or its duly authorized agents, apparent agents, servants and or employees were responsible for and caused the aforementioned collision.

11. The aforementioned collision, and the resulting injuries and damages sustained by the plaintiffs, were due to the negligence and carelessness of the defendant and or its duly authorized agents, apparent agents, servants and or employees, in one or more of the following ways;

a. They failed to obtain permission for Amtrak Car AE 32539 to travel on Track 1 when they knew or should have known, that Amtrak Train 470 was also operating on Track 1 in a northerly direction;

b. They failed to obtain permission for Train 470 to travel on Track 1 when they knew or should have known, that Amtrak Track Car AE 32539 was also operating on Track 1 in a northerly direction;

c. They failed to confirm that Train 470 was on a proper track when they knew or should have known that Amtrak Car AE 32539 was on the same track thereby creating an unreasonably dangerous condition;

d. They failed to confirm that Train 470 was on a proper track when they knew or should have known that Amtrak Track Car AE 32539 was on the same track thereby creating an unreasonably dangerous condition;

e. They failed to confirm that Amtrak Car AE 32539 was on a proper track when they knew or should have known that Amtrak Train 470 was on the same track thereby creating an unreasonably dangerous condition;

f. They failed to communicate with Amtrak Track Car AE32539 to inform them that they were on the improper track in order to clear track 1 for the approaching Amtrak Train 470;

g. They failed to communicate with Train 470 to inform them that they were on the improper track in order to clear track 1 for the approaching Amtrak Car AE 32539;

h. They failed to formulate, and or promulgate and or implement appropriate and necessary policies, procedures, and protocols designed and intended to ensure that Track Cars such as AE32539 were not travelling on the same track as approaching

Amtrak trains and vice a versa when they knew or should have known the same was reasonably necessary under all the circumstances then and there present;

i. They failed to properly train its and or their duly authorized agents apparent agents servants and employees in order to make certain they were able to properly recognize when they were about to make their way onto a track or were already travelling on a track which was improper, unsafe and would result in the type of collision which occurred in the instant case;

j. They failed to create, install and or utilize proper warning systems which should and would have alerted the operators of the Track Car and or of the Train of the impending collision within a time frame which would have allowed and enabled the Track car and or the Train to take the steps required to avoid a collision of the type which occurred in the instant case;

k. They operated the Track car at a rate of speed that was excessive and unreasonable under all the circumstances then and there present;

l. They operated the train at a rate of speed that was excessive and unreasonable under all the circumstances then and there present;

m. The operator of the train and or the track car failed to maintain a reasonable and proper look out at all times mentioned and if they had they could have and should have avoided the collision;

n. They maintained Track 1 in a dangerous and defective condition in that they failed to ensure that it was free of obstructions including but not limited to Track cars;

o. They failed to exercise reasonable care in order to keep Track 1 in a reasonably safe condition for travel to protect passengers such as the plaintiff when the same was reasonably necessary under all the circumstances then there present;

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut 06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527

12. As a direct result of the collision the plaintiff Ernest Randall suffered the following injuries all or some of which may be permanent in their nature;

    a. Concussive injuries to his head;
    b. Musculoligamentous injuries to the cervical spine;
    c. Musculoligamentous injuries to the lumbar spine;
    d. An aggravation and exacerbation of a pre-existing underlying condition;
    e. A permanent partial physical impairment;
    f. Associated pain and suffering

13. As a further direct and proximate result of the carelessness and negligence of the defendants, the Plaintiff incurred and will continue to incur expenses for medical care and treatment, emergency room care, physical therapy, x-rays and other diagnostic evaluation and medicine all to his financial loss and detriment.

14. As a further direct and proximate result of the carelessness and negligence of the defendants, the Plaintiff lost time from work and was unable to attend to his usual occupational duties in the same manner as he had prior to the collision and his earning capacity has and will continue to be impaired in the future.

15. As a further direct and proximate result of the carelessness and negligence of the defendants, the Plaintiff is no longer able to partake in and enjoy life's activities in the same manner as he had prior to said collision.

**SECOND COUNT:**

1.-11. Paragraphs 1 through 11 of the First Count are hereby made paragraphs 1 through 11 of the Second Count as if fully set forth herein.

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut 06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527

12. As a direct result of the collision the plaintiff Edward Jones suffered the following injuries all or some of which may be permanent in their nature;

    g. Concussive injuries to his head;
    h. Musculoligamentous injuries to the cervical spine;
    i. Musculoligamentous injuries to the lumbar spine;
    j. A permanent partial physical impairment;
    k. Associated pain and suffering

13. As a further direct and proximate result of the carelessness and negligence of the defendants, the Plaintiff incurred and will continue to incur expenses for medical care and treatment, emergency room care, physical therapy, x-rays and other diagnostic evaluation and medicine all to his financial loss and detriment.

14. As a further direct and proximate result of the carelessness and negligence of the defendants, the Plaintiff lost time from work and was unable to attend to his usual occupational duties in the same manner as he did prior to the collision and his earning capacity has and will continue to be impaired in the future.

15. As a further direct and proximate result of the carelessness and negligence of the defendants, the Plaintiff is no longer able to partake in and enjoy life's activities in the same manner as he had prior to said collision.

THE PLAINTIFFS
Ernest Randall and
Edward Jones

By: /s/ Carl A. Secola Jr.
Carl A. Secola Jr.
Law Office of Carl A. Secola Jr. LLC

WHEREFORE, the Plaintiff claims:

1. Money damages;

2. Such other relief at law or in equity as the court may deem fair and just.

THE PLAINTIFF

BY: /s/ Carl A. Secola Jr.
Carl A. Secola Jr.
Law Office of Carl A. Secola Jr LLC
1960 Whitney Avenue
Hamden, CT 06517
Juris No.: 434527

THE LAW OFFICE OF CARL A. SECOLA, JR., L.L.C.
1960 Whitney Avenue, Second Floor • P.O. Box 185400 • Hamden, Connecticut 06518
Telephone (203) 891-5265 • Facsimile (203) 745-5584
Juris No. 434527

| | | |
|---|---|---|
| **RETURN DATE: FEBRUARY 15, 2022** | : | **SUPERIOR COURT** |
| **ERNEST RANDALL AND** | : | **JUDICIAL DISTRICT OF** |
| **EDWARD JONES** | : | **NEW HAVEN AT** |
| **V.** | : | **NEW HAVEN** |
| **NATIONAL RAILROAD PASSENGER** | | |
| **CORPORATION D/B/A AMTRAK** | : | **DECEMBER 27, 2021** |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is more than fifteen thousand dollars ($15,000.00).

THE PLAINTIFF

BY: *[signature]*
Carl A. Secola Jr.
Law Office Of Carl A. Secola Jr LLC
1960 Whitney Avenue
Hamden, CT 06517
Juris No.: 434527